Case 1:21-cr-00278-JMS-TAB   Document 133   Filed 04/01/24   Page 1 of 4 PageID #: 594

AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)          Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br>SANDRA HERRERA<br><br>Date of Original Judgment: 02/14/2023<br>Date of Previous Amended Judgment: _____<br>*(Use Date of Last Amended Judgment if Any)* | Case No: 1:21-CR-00278-JMS-TAB-02<br>USM No: 65305-509<br><br>Steven Allen (former)<br>*Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ **DENIED.**   ☐ **GRANTED** and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 02/14/2023 shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 04/01/2024

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Jane Magnus-Stinson, District Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21-cr-00278-JMS-TAB |
| | ) | |
| | ) | |
| SANDRA HERRERA, | ) | -02 |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Defendant Sandra Herrera (02) has filed a Motion to Reduce Sentence based on USSC Amendment 821.[125].[1] Ms. Herrera was convicted of Conspiracy to Launder Monetary Instruments and received a below guideline sentence of 18 months. [103 at 2.] She seeks relief under "the two point reduction law that recently passed." [125]. The Government has filed a Response in Opposition in which it asserts that Ms. Herrera is ineligible for any reduction because she has been released from prison, she is ineligible because she received a below-guidelines sentence (not based on substantial assistance) and her sentence remains below her new range. [132].

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2), if the defendant's guideline range has been lowered subsequent to his sentencing by an

---

[1] The Court appointed the Indiana Federal Community Defender to represent Ms. Herrera. [126]. Counsel was later granted leave to withdraw. [129]. Ms. Herrera was afforded an opportunity to supplement her petition following the withdrawal, but she did not do so.[130].

act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *See Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of the reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified [*3] at U.S.S.G § 1B1.10. *Id.* at 828-29. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step, the Court considers any applicable § 3553(a) factors and determines whether, in the Court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.* at 827.

As to the step one analysis under *Dillon*, the Court agrees with the United States that Ms. Herrera's motion may be moot because she has been released from prison. *See* Federal Bureau of Prisons, "Find an inmate," https://www.bop.gov/inmateloc/ (last visited April 1, 2024). However, because Ms. Herrera must serve one year of supervised release, the Court will consider the other grounds raised by the Government's objection.

It is true that Ms. Herrera did not receive any criminal history points. [81 at ¶25]. That is not the end of the inquiry, however. Ms. Herrera is ineligible for resentencing because her executed sentence of 18 months is still below the guideline range that would have been imposed with the retroactive adjustment: 37-46 months. The guideline amendment contains additional language that precludes relief under these circumstances. "[T]he court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

In addition, the guidelines also prohibit reduction of a term "less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C). Because Herrera has already served her sentence, any reduction would necessarily be less than she already served. For at least these two reasons, Ms. Herrera is ineligible for relief.

The Court therefore does not proceed to step two under *Dillon*.

For the foregoing reasons, Ms. Herrera's Motion to Reduce Sentence [125] is **DENIED.**

Date: 4/1/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

Michelle Patricia Brady
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Michelle.brady@usdoj.gov

Kelly Rota
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Kelly.rota@usdoj.gov

**By U.S. Mail to:**

Sandra Herrera
#65305-509
Federal Medical Center Satelite Camp
P.O. Box 14525
Lexington, KY 405120